IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TYRONE PRICE,**
        **Plaintiff,**

    v.                                        **CIVIL ACTION NO. 3:19-CV-72**
                                                          **(GROH)**

**JOE COAKLEY, and**
**LUKE CUSTER,**
        **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 8, 2019, the *pro se* Plaintiff, an inmate[1] at FCI Hazelton, in Bruceton Mills, West Virginia, filed the above-styled action petition pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983, and authorized suits against federal employees in their individual capacities. ECF No. 1.[2] On May 8, 2019, the Clerk issued a Notice of Deficient Pleading which advised Plaintiff of the requirement to file a Prisoner Trust Account Report and ledger sheets with his application to proceed in forma pauperis. ECF No. 6. On May 17, 2019, Plaintiff filed the required documents. ECF Nos. 9, 9-1. On May 20, 2019, the Court granted Plaintiff's motion to proceed in forma pauperis. ECF No. 10.

---

[1] Plaintiff was convicted upon his plea on January 28, 2016, in the Eastern District of Michigan, case number 2:15-CR-20472, of counts 3, 5 and 9 of the second superseding indictment, which charged Plaintiff with: assault with a dangerous weapon in aid of racketeering (Counts 3 and 5), in violation of 18 U.S.C. §§ 1959(a)(3); and use and carrying of a firearm during or in relation to a crime of violence (Count 9), in violation of 18 U.S.C. § 924(c). E.D.Mich. 2:15-CR-20472, ECF No. 219. Plaintiff was sentenced to a term of 20 months as to Counts 3 and 5, to be served concurrently to one another, and 120 months as to Count 9, with that term to run consecutively to the sentence imposed for Counts 3 and 5, for a total sentence of 140 months. E.D.Mich. 2:15-CR-20472, ECF No. 319 at 2. According to the Bureau of Prisons' inmate locator website, Plaintiff is scheduled to be released on October 1, 2025.

[2] All ECF number cited herein are in 3:19-CV-72, unless otherwise noted.

The Court now reviews the matter and considers Plaintiff's request for a "preliminary and permanent injunction" to order the Defendants to stop opening his incoming legal mail outside of his presence.  ECF No. 1 at 16.

Further, this matter is before the undersigned for an initial review and report and recommendation pursuant to the Local Rules of Prisoner Litigation Procedure ("LR PL P") 2, et seq., and 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

## II.     THE COMPLAINT

In his complaint, Plaintiff names as defendants: Joe Coakley ("Warden Coakley"), the warden of the Hazelton Federal Correctional Complex ("HFCC") and Luke Custer ("Supervisor Custer"), the mail room supervisor of HFCC.  Plaintiff filed this action claiming that the Warden Coakley and Supervisor Custer have violated his First Amendment right to freedom of speech (the right to be heard and receive mail), his Sixth Amendment right (attorney client privilege), and his Due Process rights under the Fourteenth Amendment.  ECF No. 1 at 16.  He raises two grounds for relief: (1) that he received legal mail on September 29, 2017, which was from his attorney but which was not opened in his presence; and (2) that Warden Coakley is responsible for ensuring that officials and inmates following prison policies.  ECF No. 14 – 15.  Among other relief, Plaintiff seeks "a preliminary and permanent injunction" which orders Warden Coakley and Supervisor Custer to "cease their acts of wrongdoing against Plaintiff."  Id. at 16.  Plaintiff also requests as relief, "a declaration that the acts and omissions described [in his complaint] violate his rights under the Constitution and law of the United States," and that he be awarded $60,000.00 from each defendant in compensatory damages, and $60,000.00 from each defendant in punitive damages.  Id.

### III. LEGAL STANDARD

#### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

### C. Improperly Named Defendants

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir.

1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### D. Preliminary Injunctions

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008). The standard for granting injunctive relief articulated by the United States Supreme Court in Winter, 555 U.S. at 20, is that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

5

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d. 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## IV. ANALYSIS

### A. Improperly Named Defendants

A Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Nor may a Bivens action be brought against a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Moreover, "[i]n a *Bivens* suit, there is no *respondeat superior* liability. Instead, liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (2001) (internal citation omitted). In Trulock, although plaintiffs sued,

among other defendants, the former director of the FBI and two FBI supervisors, the Court found that were there was "no allegation that any of these [ ] individuals were personally complicit. . . [and] [a]ccordingly, th[o]se defendants [ ] enjoy immunity." Id.

Plaintiff has named the warden of Hazelton Federal Correctional Complex and the mailroom supervisor of that complex as defendants herein. Plaintiff asserts that: (1) defendants are both "member worker[s] of the Federal Bureau of Prisons" [ECF No. 1 at 2]; (2) Warden Coakley did not respond to Plaintiff's report that his legal mail was opened outside of Plaintiff's presence [Id. at 14]; (3) Supervisor Custer "is suppose[d] to supervise the staff/officials under him. Supervis[or]s are responsible for the officials under him [Id. at 14 – 15]; and (4) Warden Coakley is responsible for and "suppose[d] to insure the rules and polic[ies] [of the institution] are followed by officials and inmates" [Id. at 15]. Under the clear holding of Trulock, there is no doctrine of *respondeat superior* in Bivens actions, and thus, supervisory defendants may not be held liable for the actions of their subordinates. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the Defendants.

Further, to the extent that this Court has considered Plaintiff's request for injunctive relief, it appears Plaintiff cannot meet the first prong of the four-part Winter test for the issuance of a preliminary injunction and his motion should be denied. Plaintiff has not shown he is likely to succeed on the merits in regard to his claim that the warden and mailroom supervisor of HFCC have personally violated his Constitutional rights. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary for the Court to consider the other three factors. See Dewhurst v. Century Aluminum Co., 649 F.3d 287, 293 (if a party cannot establish one

of these factors, the court cannot grant a preliminary injunction to the movant). Accordingly, because Plaintiff has failed to meet the first of the four prongs of the Winter test for issuance of an injunction, such an injunction is not merited.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Petition for habeas corpus [ECF No. 1] fails to state a claim upon which relief may be granted, and should be **DISMISSED WITHOUT PREJUDICE**.  The undersigned further **RECOMMENDS** that Plaintiff's request for an injunction [ECF No. 1 at 16] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   May 22, 2019

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE